ANTHONY J. NAPOLITANO (SBN: 227691)
anapolitano@buchalter.com
BUCHALTER LLP
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Defendant
RANDALL MILLER

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>RANDALL DAVID MILLER,<br><br>Debtor. | Case No. 4:26-bk-40698<br><br>Chapter 7 |
| SANDSTONE GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br>v.<br><br>RANDALL MILLER, an individual; RAD URBAN INC., a Delaware corporation; ROBERT MILLER, individually and in his capacity as trustee of the 63 Holdings Trust; 63 REALTY HOLDINGS, LLC, a Wyoming limited liability company; ALEXIS MILLER, an individual; R2 BUILDING, LLC, a Delaware limited liability company; R2 BUILDING INC., a Delaware corporation; and DOES 1-20, inclusive,,<br>Defendant. | Adv. No. 4:26-ap-04037<br><br>**MOTION OF DEBTOR DEFENDANT TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY UNDER 11 U.S.C. §§ 523(a)(2) AND (a)(6), FRAUDULENT TRANSFERS, AND STATE LAW CLAIMS**<br><br>[FED. R. BANKR. P. 7012 and FED. R. CIV. P. 12(b)(6)]<br><br>[Motion and Memorandum of Points and Authorities concurrently filed.]<br><br>**Hearing:**<br>Date: November 18, 2026<br>Time: 10:30 a.m. PST<br>Place: United States Bankruptcy Court<br>Courtroom 220<br>1300 Clay Street<br>Oakland, California 94612 |

**TO THE HONORABLE WILLIAM J. LAFFERTY, III, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** debtor defendant Randall Miller, hereby moves the Court to dismiss the claims asserted by plaintiff Sandstone Group, LLC, a California limited liability company (the "Plaintiff") in their *First Amended Complaint to Determine Dischargeability of Debt Under 11 U.S.C. §§523(a)(2) and (a)(6) and for: (1) Breach of Guaranty; (2) Fraud; (3) Fraudulent Concealment; (4) Aiding and Abetting Fraud; (5) Common Law Fraudulent Transfer; and (6) UVTA Voidable Transfer* [Adv. Docket No. 12] (the "Amended Complaint") pursuant to Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure (incorporating Rules 9(b) and 12(b) of the Federal Rules of Civil Procedure (the "Civil Rules").

By this Motion, Mr. Miller seeks dismissal, with prejudice, of the following claims asserted against him in the Amended Complaint, specifically:

1. Second Claim for Relief (Fraud);
2. Third Claim for Relief (Fraudulent Concealment);
3. Fifth Claim for Relief (Nondischargeability under 11 U.S.C. § 523(a)(2)(A));
4. Sixth Claim for Relief (Nondischargeability under 11 U.S.C. § 523(a)(6));
5. Seventh Claim for Relief (Common Law Fraudulent Transfer);
6. Eighth Claim for Relief (Uniform Voidable Transactions Act);d
7. Ninth Claim for Relief (Nondischargeability under 11 U.S.C. § 523(a)(2)(A) for Fraudulent Transfer); and
8. Tenth Claim for Relief (Nondischargeability under 11 U.S.C. § 523(a)(6) for Fraudulent Transfer).[1]

This Motion is made on the following grounds, each of which is set forth more fully in the concurrently filed Memorandum of Points and Authorities:

First, as a threshold matter, the fraud-based claims are not pleaded with the particularity Civil Rule 9(b) requires. The Amended Complaint supplies no "who, what, when, where, and how"

---

[1] For the avoidance of doubt, this Motion does not seek dismissal of the First Claim for Relief (Breach of Guaranty) as against Mr. Miller, and nothing in this Motion should be construed as an admission of liability under the Guaranty or as a concession that the First Claim is adequately pleaded. Mr. Miller reserves, and does not waive, all defenses to the First Claim.


Case: 26-04037 Doc# 14 Filed: 09/14/26 Entered: 09/14/26 19:06:54 Page 2 of 4

for its fraud-based allegations in the detail required by Civil Rule 9(b). It pleads the inducement misrepresentations in vague and conclusory terms, rests its central allegations on impermissible "information and belief" and supposition. As to the transfer-based theory underlying the Ninth and Tenth Claims, the Amended Complaint relies on a single paragraph (¶ 46) that identifies no transferred asset, date, amount, consideration, or first transferee, and alleges only that "Debtor and/or Alexis Miller" received something.

Second, the Fifth Claim for Relief under 11 U.S.C. § 523(a)(2)(A) fails because it depends on statements respecting the financial condition of Mr. Miller and RAD Urban—an insider as defined under 11 U.S.C. §101(31)(A)(iv). Section 523(a)(2)(A) excepts from discharge debts obtained by fraud "other than a statement respecting the debtor's or an insider's financial condition." The Plaintiff's theory rests on Mr. Miller's alleged concealment of, and misrepresentations concerning, the financial condition of himself as well as RAD Urban and NGI—both alleged to be Mr. Miller-controlled insiders. Such statements are actionable, if at all, only under section 523(a)(2)(B), which requires a writing. The Plaintiff pleaded no claim under subsection (B) and identified no writing, and it cannot transpose a financial-condition theory onto subsection (A). *See Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709 (2018).

Third, the Sixth Claim for Relief under 11 U.S.C. § 523(a)(6) fails because the Amended Complaint recites intent to injure without pleading facts supporting the subjective-injury requirement. A fraudulently induced loan followed by nonpayment of a guaranty is contractual in nature and produces the economic loss addressed by section 523(a)(2), not the deliberate injury that section 523(a)(6) requires. Kawaauhau v. Geiger, 523 U.S. 57 (1998).

Fourth, the Seventh through Tenth Claims for Relief fail to identify a transfer supporting either personal liability or nondischargeability. The Amended Complaint identifies no RAD Urban asset, transfer date, amount, consideration, or first transferee, and pleads no facts under California Civil Code § 3439.08(b)(1)(B) connecting Mr. Miller to any avoidable transfer as a subsequent transferee. The Seventh and Eighth Claims therefore fail to plead Mr. Miller's transferee liability and, since because actual fraud under section 523(a)(2)(A) still requires an underlying debt (*Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355 (2016)), the Ninth and Tenth Claims identify no transfer debt


Case: 26-04037 Doc# 14 Filed: 09/14/26 Entered: 09/14/26 19:06:54 Page 3 of 4

to except from discharge. The Plaintiff's separate "beneficiary" theory (¶ 89) rests on transfers made *by* the Debtor for his benefit—an estate-owned avoidance claim the Plaintiff conceded belongs to the Chapter 7 Trustee. *See Kleidman v. Pearlman (In re Pearlman)*, 2026 Bankr. LEXIS 1558 (B.A.P. 9th Cir. June 22, 2026) (Lafferty, J.).

Fifth, the Second and Third Claims for Relief for fraud and fraudulent concealment fail to state a independent claim. The fraud claim is a breach of guaranty claim recast in tort: the Plaintiff infers fraudulent intent from nothing more than subsequent nonperformance, and the economic loss rule bars the recharacterization to fraud. The concealment claim independently fails because the Plaintiff pleads no duty to disclose and no facts satisfying the elements of concealment or the applicable particularity standard.

Finally, with respect to the First Claim for Relief for breach of the guaranty, the Plaintiff cannot independently except any debt from discharge, unless the Plaintiff obtains a judgment excepting the Guaranty debt under section 523. Therefore, the First Claim cannot support enforcement of any personal liability against Mr. Miller unless the Plaintiff is able to prevail on a section 523(a)(2) or (a)(6) claim. *See* 11 U.S.C. §§ 523(c)(1), 524(a).

Based on the foregoing, Mr. Miller respectfully requests that the Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Claims for Relief be dismissed as against him, with prejudice, and that the Court grant such other and further relief as it deems just and proper.

DATED: September 14, 2026

BUCHALTER LLP

By: /s/ *Anthony J. Napolitano*
ANTHONY J. NAPOLITANO

Attorneys for Defendant
RANDALL MILLER


Case: 26-04037 Doc# 14 Filed: 09/14/26 Entered: 09/14/26 19:06:54 Page 4 of 4