ANTHONY J. NAPOLITANO (SBN: 227691)
anapolitano@buchalter.com
BUCHALTER LLP
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Non-Debtor Defendants
ROBERT MILLER, individually and as trustee,
ALEXIS MILLER, RAD URBAN, INC. and
63 REALTY HOLDINGS, LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>RANDALL DAVID MILLER,<br><br>Debtor. | Case No. 4:26-bk-40698<br><br>Chapter 7 |
| SANDSTONE GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br>v.<br><br>RANDALL MILLER, an individual; RAD URBAN INC., a Delaware corporation; ROBERT MILLER, individually and in his capacity as trustee of the 63 Holdings Trust; 63 REALTY HOLDINGS, LLC, a Wyoming limited liability company; ALEXIS MILLER, an individual; R2 BUILDING, LLC, a Delaware limited liability company; R2 BUILDING INC., a Delaware corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Adv. No. 4:26-ap-04037<br><br>**MOTION OF CERTAIN NON-DEBTOR DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY UNDER 11 U.S.C. §§ 523(a)(2) AND (a)(6), FRAUDULENT TRANSFERS, AND STATE LAW CLAIMS**<br><br>[FED. R. BANKR. P. 7012 and FED. R. CIV. P. 12(b)(6)]<br><br>[Motion and Memorandum of Points and Authorities concurrently filed.]<br><br>**Hearing:**<br>Date: November 18, 2026<br>Time: 10:30 a.m. PST<br>Place: United States Bankruptcy Court<br>Courtroom 220<br>1300 Clay Street<br>Oakland, California 94612 |


Case: 26-04037 Doc# 18 Filed: 09/14/26 Entered: 09/14/26 23:40:18 Page 1 of 4

**TO THE HONORABLE WILLIAM J. LAFFERTY, III, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** non-debtor defendants RAD Urban Inc., a Delaware corporation, Robert Miller, individually and in his capacity as trustee of the 63 Holdings Trust, 63 Realty Holdings, LLC, a Wyoming limited liability company, and Alexis Miller (collectively, the "Non-Debtor Defendants"), hereby move the Court to dismiss the claims asserted by plaintiff Sandstone Group, LLC, a California limited liability company (the "Plaintiff") in their *First Amended Complaint to Determine Dischargeability of Debt Under 11 U.S.C. §§523(a)(2) and (a)(6) and for: (1) Breach of Guaranty; (2) Fraud; (3) Fraudulent Concealment; (4) Aiding and Abetting Fraud; (5) Common Law Fraudulent Transfer; and (6) UVTA Voidable Transfer* [Adv. Docket No. 12] (the "Amended Complaint") pursuant to Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (incorporating Rules 9(b) and 12(b) of the Federal Rules of Civil Procedure (the "Civil Rules").

By this Motion, the Non-Debtor Defendants seek dismissal of each of the following claims asserted against them in the Amended Complaint, specifically:

1. Second Claim for Relief (Fraud) as against RAD Urban;
2. Third Claim for Relief (Fraudulent Concealment) as against RAD Urban;
3. Fourth Claim for Relief (Aiding and Abetting Fraud) as against Robert Miller, individually and as trustee of 63 Holdings Trust, 63 Realty Holdings, Inc., and Alexis Miller;
4. Seventh Claim for Relief (Common Law Fraudulent Transfer), as against RAD Urban and Alexis Miller; and
5. Eighth Claim for Relief (Uniform Voidable Transactions Act), as against RAD Urban and Alexis Miller.

This Motion is made on the following grounds, each of which is set forth more fully in the concurrently filed Memorandum of Points and Authorities:

First, as a threshold matter, the fraud-based claims are not pleaded with the particularity Civil Rule 9(b) requires. The Amended Complaint supplies no "who, what, when, where, and how" for most of the fraud-based allegations. It pleads the inducement misrepresentations in vague and conclusory terms, rests its central allegations on impermissible "information and belief" and


Case: 26-04037 Doc# 18 Filed: 09/14/26 Entered: 09/14/26 23:40:18 Page 2 of 4

supposition, and impermissibly lumps the Non-Debtor Defendants together without differentiating what each defendant knew or did. Most significantly, the entire factual basis for the newly added Seventh and Eighth Claims rests on a single paragraph (¶ 46) that identifies no transferred asset, date, amount, consideration, or first transferee, and alleges only that "Randall Miller and/or Alexis Miller" were subsequent transferees.

Second, the Fourth Claim (Aiding and Abetting Fraud) belongs to the bankruptcy estate, and the Plaintiff lacks standing to assert it against Robert Miller, 63 Realty, and Alexis Miller. By the Amended Complaint's own allegations, that claim seeks recovery for transfers made by Mr. Miller to place his assets beyond the reach of creditors — an injury common to all creditors that, upon the filing of the bankruptcy case, became property of the estate prosecutable only by the Chapter 7 Trustee under 11 U.S.C. §§ 541, 544, and 548. The Plaintiff conceded exactly this in its original complaint, and its amendment — recharacterizing the same transfers as "to, rather than by, the Debtor" — does not change the underlying facts or confer standing. See Kleidman v. Pearlman (In re Pearlman), 2026 Bankr. LEXIS 1558 (B.A.P. 9th Cir. June 22, 2026) (Lafferty, J.).

Third, the Amended Complaint fails to state a claim upon which relief can be granted. The fraud and fraudulent concealment claims against RAD Urban are breach-of-contract claims recast as torts. The Plaintiff infers fraudulent intent from nothing more than subsequent nonperformance of the Guaranty, and the economic loss rule bars the recharacterization. The concealment claim independently fails for want of any duty to disclose in an arm's-length commercial lending transaction. The aiding-and-abetting claim fails on its own terms because it pleads no actual knowledge of the specific primary wrong and no substantial assistance connected to it—the only conduct alleged against Robert Miller, 63 Realty, and Alexis Miller consists of asset transfers occurring years after the loan was funded and the alleged inducement fraud was complete.

Fourth, the Seventh and Eighth Claims independently fail as a matter of law. A Uniform Voidable Transactions Act money judgment lies only against a first transferee, the person for whose benefit a transfer was made, or a subsequent transferee under California Civil Code § 3439.08(b). Although the Amended Complaint alleges generally that Alexis Miller received funds, it identifies no particular asset, transfer, or receipt connecting her to an avoidable transfer of RAD Urban's


Case: 26-04037 Doc# 18 Filed: 09/14/26 Entered: 09/14/26 23:40:18 Page 3 of 4

property, and therefore does not plausibly place her in any statutory category. Even a constructive-transfer theory requires an identified transfer and the applicable statutory predicates, which the Amended Complaint does not supply.

Finally, the Doe defendants should be dismissed because fictitious-name "Doe" pleading is not recognized in federal practice. The Amended Complaint pleads no fact, transfer, date, or amount as to any of the twenty Doe defendants.

Based on the foregoing, the Non-Debtor Defendants respectfully request that all of the foregoing claims against them be dismissed with prejudice.

DATED: September 14, 2026

BUCHALTER LLP

By: /s/ *Anthony J. Napolitano*
ANTHONY J. NAPOLITANO

Attorneys for Non-Debtor Defendants
ROBERT MILLER, individually and as trustee,
ALEXIS MILLER, RAD URBAN, INC. and
63 REALTY HOLDINGS, LLC



Case: 26-04037 Doc# 18 Filed: 09/14/26 Entered: 09/14/26 23:46:18 Page 4 of 4