SHARTSIS FRIESE LLP
IVO KELLER (Bar #245909)
DIEGO B. FLORES (Bar #324603)
425 Market Street, Eleventh Floor
San Francisco, CA 94105-2496
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: ikeller@sflaw.com
Email: dflores@sflaw.com

BAKER BOTTS L.L.P.
CHERYL A. CAULEY (Bar #252262)
1001 Page Mill Road, Bldg. 1, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: cheryl.cauley@bakerbotts.com

BAKER BOTTS L.L.P.
KARAN SINGH DHADIALLA (Bar #296313)
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300
Email: karan.dhadialla@bakerbotts.com

Attorneys for Plaintiff
SANDSTONE GROUP, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>RANDALL DAVID MILLER,<br><br>Debtor. | Case No. 26-40698 WJL<br><br>Chapter 7<br><br>Adv. Proc. No. 26−04037<br><br>**PLAINTIFF SANDSTONE GROUP, LLC'S OPPOSITION TO DEFENDANT R2 BUILDING, LLC'S REQUEST FOR JUDICIAL NOTICE** |
| SANDSTONE GROUP, LLC, a California limited liability company,<br><br>Plaintiff, | Hearing date: October 21, 2026<br>Time: 10:30 a.m. |

v.

RANDALL MILLER, an individual; RAD URBAN INC., a Delaware corporation; ROBERT MILLER, individually and in his capacity as trustee of the 63 Holdings Trust; 63 REALTY HOLDINGS, LLC, a Wyoming limited liability company; ALEXIS MILLER, an individual; R2 BUILDING, LLC, a Delaware limited liability company; R2 BUILDING, INC.; and DOES 1-20, inclusive,

Defendants.


Case: 26-04037 Doc# 22-3 Filed: 10/07/26 Entered: 10/07/26 18:05:50 Page 2 of 6

## I. INTRODUCTION

R2 Building, LLC ("R2 Building") requests judicial notice of several exhibits attached to its Motion to Dismiss (the "Motion"). Dkt. 16-2 ("RJN"). Several of these exhibits are not appropriate for judicial notice. Specifically, R2 Building seeks judicial notice of (1) R2 Building's Statement of Information filed with the Secretary of State on March 11, 2026 (**Exhibit 5**), including disputed facts within; (2) an email thread (**Exhibit 6**); and (3) a written consent of the board of managers of R2 Building (**Exhibit 7**). The Court should decline to take judicial notice of R2 Building's **Exhibits 5, 6,** and **7**.

## II. ARGUMENT

"Under Federal Rule of Evidence 201, '[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *XL Catlin Ins. Co. UK Ltd. v. NuWorld Beauty Corp.*, No. 19-CV-06228, 2020 WL 12769053, at *2 (N.D. Cal. Apr. 24, 2020) (quoting Fed. R. Evid. 201(b)). "[A]ccuracy is only part of the inquiry under Rule 201(b)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.*

First, R2 Building seeks judicial notice of **Exhibit 5**, which is a Statement of Information R2 Building filed with the California Secretary of State on March 11, 2026. RJN at 4. R2 Building claims it is asking the Court to "notice only the fact and dates of [the Secretary of State] filings, not any disputed fact recited in them." Motion at 12 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018)). But in its argument, R2 Building offers **Exhibit 5** to prove a disputed fact recited within: whether there are any members or managers of R2 Building besides Randall Miller. *See* Motion at 15 (citing **Exhibit 5**) ("R2 Building and RAD Urban have different members and managers"); *id.* at 17 ("the public filings and filings in this Court show that R2 Building and RAD Urban have different members and managers"). This goes beyond the permissible scope of judicial notice of Secretary of State filings. *Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F.


Case: 26-04037 Doc# 22-3 Filed: 10/07/26 Entered: 10/07/26 18:05:50 Page 3 of 6

Supp. 3d 816, 823 (N.D. Cal. 2016) (declining to "take judicial notice of the truth of other facts contained in [Secretary of State] filings"). Sandstone disputes the contents of **Exhibit 5**. The Court should decline to take judicial notice of **Exhibit 5** because "the contents of the document[s] are disputed; and [because] the Court cannot confidently conclude the documents' accuracy cannot reasonably be questioned." *XL Catlin*, 2020 WL 12769053, at *2.[1]

R2 Building also seeks judicial notice of **Exhibit 6**, an email thread, and **Exhibit 7**, a written consent of the R2 Building board, on the basis that each exhibit can be found attached to a declaration filed in a separate adversary proceeding. RJN at 4. The fact that these documents have been filed as evidence in a different adversary proceeding does not mean they can be judicially noticed. R2 Building's cited authority does not support its position. RJN at 3 (citing *In re Lockhart-Johnson*, 631 B.R. 38, 42 n.2 (B.A.P. 9th Cir. 2021) (holding only that the court will take judicial notice of documents filed in the present adversary proceeding and the main bankruptcy case). Further, R2 Building offers them to try to prove disputed facts. R2 Building argues that **Exhibit 6** "evidenc[es]" Randall Miller's resignation as President of R2 Building (Motion at 9 n.7) and that **Exhibit 7** proves that R2 Building has "continued to observe corporate formalities" (Motion at 9, 15). Even if the exhibits are documents that were actually created, "not every assertion of fact within that document is judicially noticeable for its truth"—especially if those facts are disputed. *Khoja.*, 899 F.3d at 999 (9th Cir. 2018).

Sandstone disputes the contents of **Exhibit 6** and **Exhibit 7**. The Court should decline to take judicial notice of these documents because the documents were "not publicly filed [;] the contents of the document[s] are disputed; and [because] the Court cannot confidently conclude the documents' accuracy cannot reasonably be questioned." *XL Catlin*, 2020 WL 12769053, at *2. And, just as it did

[1] To the extent the Court takes judicial notice of **Exhibit 5**, Sandstone respectfully requests that the Court also take judicial notice of **Exhibit A** to the Declaration of Karan Singh Dhadialla ("Dhadialla Declaration") ¶ 3 (Statement of Information filed by R2 Building, LLC on March 26, 2025). Exhibit A is the Statement of Information for R2 Building filed one year prior to the one for which R2 Building seeks judicial notice.


Case: 26-04037 Doc# 22-3 Filed: 10/07/26 Entered: 10/07/26 18:05:50 Page 4 of 6

with **Exhibit 5**, R2 Building seeks to use both **Exhibits 6** and **7** for an improper purpose. At the very least, the facts contained within **Exhibit 6** and **Exhibit 7** are not judicially noticeable.[2]

## III. CONCLUSION

For the foregoing reasons, this Court should decline to take judicial notice of **Exhibits 5, 6,** and **7**. If the Court does take judicial notice of **Exhibit 5**, it should also take judicial notice of **Exhibit A**, attached to the Dhadialla Declaration.

DATED: October 7, 2026

BAKER BOTTS LLP

By: *_/s/ Cheryl A. Cauley_*

Cheryl A. Cauley (Bar #252262)
cheryl.cauley@bakerbotts.com
Karan Singh Dhadialla (Bar #296313)
karan.dhadialla@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Ivo Keller (Bar #245909)
ikeller@sflaw.com
Diego B. Flores (Bar #324603)
dflores@sflaw.com
SHARTSIS FRIESE LLP
425 Market Street, Eleventh Floor
San Francisco, CA 94105-2496
Telephone:(415) 421-6500
Facsimile: (415) 421-2922

*Counsel for Plaintiff Sandstone Group, LLC*

---

[2] As explained in Sandstone's concurrently-filed Opposition to the Motion at 8–9, 11, **Exhibits 5, 6,** and **7** are also irrelevant, and that provides another reason the Court should not take judicial notice of them. *See, e.g.*, *City & Cty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) (declining to take judicial notice of article based on determination that it was "irrelevant" and "the purpose for which the request does made does not constitute a proper purpose for which the Court could take judicial notice").



Case: 26-04037 Doc# 22-3 Filed: 10/07/26 Entered: 10/07/26 18:05:50 Page 5 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 7, 2026, a true and correct copy of Plaintiff Sandstone Group, LLC's Opposition to Defendant R2 Building, LLC's Request for Judicial Notice was served by CM/ECF on all counsel of record who have requested service in this Chapter 7 Case. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

*/s/ Cheryl A. Cauley*
Cheryl A. Cauley



Case: 26-04037 Doc# 22-3 Filed: 10/07/26 Entered: 10/07/26 18:05:50 Page 6 of 6